ON Application eor. Rehearing.
Nicholls, C. J.
The opinion heretofore rendered in this case proceeded upon the principle that although the insurance companies by ■electing to rebuild the damaged property, as they were authorized under their policies to . do, transformed — in a sense — the insurance into building contracts. These contracts were of a kind in some respects essentially different from ordinary building contracts. That the obligation of the companies were much broader than those of ■simple building contractors, as the insurance or indemnity features of the original contracts were transported over and imported into the substituted or rather modified contracts resulting from election. .So holding, it might well and consistently be that the companies should be held bound to the plaintiffs when the rights and obligations •of parties took their origin in insurance contracts when they would have been absolved from liability had the initial contract been one for building.
On application for rehearing the court adhered to its views upon this branch of the case and declined to reopen the question as between the plaintiffs and defendants, though it did s eopen it as between defendants and the builder, with whom they had contracted to do and who actually did the work. The effect of this final affirmance of our decree between the original parties has been to make the principle announced become fixed as the law of the case as to the original contracts.
The effort of defendants on rehearing has been to show that Walther, the builder, being fully cognizant of the relations between the plaintiffs and the defendants, and the resulting rights and obligations of parties, and having made his own contract with full knowledge of the same, he did so with reference to them and consented to be bound as between himself and the companies by the same *1180 obligations as were the defendants to the plaintiffs. We can not accede to that proposition. One contract may be more or less connected or dependent upon another; one might not have existed at all but for the prior existence of the other, and yet the two be legally separate and distinct. Walker vs. Villavaso, 18 An. 717. The-responsibilities flowing from the one as between the original parties do not gauge the responsibilities of the others. We have to determine and measure the rights of the defendants and Walther by the immediate contracts which they made between themselves. By that test we see no reason to change our original opinion, and it must, therefore, remain undisturbed.